IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICKY WAYNE HOWELL                                             PLAINTIFF

v.                      Civil No. 06-5016

SGT. WHITTINGTON; and
SHERIFF TIM HELDER                                     DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil rights action was filed on January 30, 2006. Plaintiff proceeds pro se and *in forma pauperis*.

When he filed this action, the plaintiff was incarcerated at the Washington County Detention Center. He was subsequently released. On June 19, 2006, in an order denying a motion for access to law books, the court noted that he was no longer incarcerated.

On November 1, 2006 (Doc. 20), the defendants filed a motion to compel. In their motion, they noted they propounded interrogatories and requests for production of documents to the plaintiff on August 16, 2006. Defendants stated they had not received plaintiff's responses or any communication from the plaintiff regarding his responses. The motion to compel was granted by order entered on November 13, 2006 (Doc. 22).

On November 14, 2006, defendants filed a motion to dismiss (Doc. 24). In their motion, defendants state they have been unable to effect service of the past-due discovery requests to the plaintiff and all correspondence they have sent to him has been returned with the notation: "Return to Sender. Unable to Forward. No Forward Order on File."

On November 15, 2006, mail was returned to the court as undeliverable. This mail included an order entered by the court on October 18, 2006 (Doc. 19).

Howell has not communicated with the court or defendants' counsel. No other address for the plaintiff appears in the file.

I therefore recommend that defendants' motion to dismiss be granted. The complaint should be dismissed on the grounds plaintiff has failed to prosecute this action and obey the rules of the court requiring him to keep the court informed of his address. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)